UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 19-24268-CIV-MORENO

KURT SCHAEFER,

    Plaintiff,

vs.

CARNIVAL CORPORATION *d/b/a*
CARNIVAL CRUISE LINES,

    Defendant.
_____/

## ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE AND CLOSING CASE

THIS CAUSE came before the Court upon a *sua sponte* review of the record.

THE COURT has considered the allegations in the Complaint, the pertinent portions of the record, and is otherwise fully advised in the premises.

It is beyond question that "[f]ederal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). As a result, "[i]t is to be presumed that a cause lies outside this limited jurisdiction" until the party with the burden of establishing jurisdiction has done so. *Id.* (citations omitted).

Here, the Complaint repeatedly asserts that the Court lacks federal subject-matter jurisdiction:

> "The Federal Court does not have subject matter jurisdiction over this case because of the parties involved and the claims made." (D.E. 1 at ¶ 20);

> "Plaintiff and Defendant are Florida citizens so this case is not susceptible to federal diversity subject matter jurisdiction." *Id.* at ¶ 31;

> "Plaintiff sues Defendant at law and in personam for negligence, so this case is not susceptible to federal question subject matter jurisdiction." *Id.* at ¶ 35;

> "Plaintiff sued Defendant in personam and at law for negligence, so this case is not

susceptible to admiralty subject matter jurisdiction." *Id.* at ¶ 37; and

"Plaintiff's sole cause of action for damages is based on negligence. Plaintiff merely references some parts of Defendant's Passenger Contract to explain why the Federal Court does not have subject matter jurisdiction over the claims in this lawsuit." *Id.* at ¶ 47.[1]

Furthermore, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Because the Complaint asserts the Court lacks subject-matter jurisdiction, it is

**ADJUDGED** that the Complaint is **DISMISSED WITHOUT PREJUDICE** under Rule 12(h)(3). The Clerk is directed to **CLOSE** the case.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 12 of November 2019.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record

---

[1] The Court notes this is not the first time a version of this complaint has been filed in this District. *See, e.g., Siliakus v. Carnival Corp.*, Case No. 18-cv-25137, D.E. 1 (S.D. Fla. Dec. 6, 2018) (filing virtually identical complaint); *DeRoy v. Carnival Corp.*, Case No. 18-cv-20653, D.E. 1 (S.D. Fla. Feb. 20, 2018) (same); *Diaz v. BPCL Manag., LLC*, Case No. 18-cv-61379, D.E. 1 (S.D. Fla. June 19, 2018) (same).

Each previous iteration of this form complaint was dismissed for lack of subject-matter jurisdiction. *See Siliakus*, Case No. 18-cv-25137, D.E. 14 (S.D. Fla. Jan. 28, 2019); *DeRoy*, Case No. 18-cv-20653, D.E. 23 (S.D. Fla. May 22, 2018) (same); *Diaz*, Case No. 18-cv-61379, D.E. 4 (S.D. Fla. June 22, 2018) (same).